# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL W. FLAHERTY,<br><br>                Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>                Defendant. | Case No. CV 12-10496-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

## PROCEEDINGS

On December 12, 2012, Michael W. Flaherty ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Supplemental Security Income benefits. The Commissioner filed an Answer on March 28, 2013. On June 21, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

## BACKGROUND

Plaintiff is a 47-year-old male who applied for Supplemental Security Income benefits on October 13, 2009. (AR 34.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 13, 2009, the alleged onset date of his disability. (AR 36.)

Plaintiff's claim was denied initially on January 20, 2010, and on reconsideration on June 29, 2010. (AR 34.) Plaintiff then sought review and on August 3, 2011, the matter proceeded to a hearing before Administrative Law Judge ("ALJ") Edward C. Graham in Palmdale, California. (AR 34.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 34.) Vocational expert ("VE") Alan E. Cummings, Ph.D. also appeared and testified at the hearing. (AR 34.)

The ALJ issued an unfavorable decision on August 12, 2011. (AR 34-41.) The Appeals Council denied review on October 26, 2012. (AR 1-3.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises the following disputed issues as grounds for reversal and remand:

1. Whether the ALJ properly evaluated Plaintiff's testimony regarding functional limitations.
2. Whether the ALJ erred by not considering Plaintiff's peripheral neuropathy and carpal tunnel syndrome severe impairments.
3. Whether the ALJ erred by failing to evaluate if Plaintiff's severe peripheral neuropathy and carpal tunnel syndrome meet or equal a medical listing.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d

3

at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 13, 2009, the alleged onset date. (AR 36.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: heart problems, obesity, and leg pain. (AR 36.)

At step three, the ALJ determined that Claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 36.)

The ALJ then found that Plaintiff has the RFC to perform medium work as defined in C.F.R. § 416.967(c) except for no climbing or balancing. (AR 36-40.) In determining Plaintiff's RFC, the ALJ made an adverse credibility determination. (AR 37-40.)

At step four, the ALJ found that Plaintiff is unable to perform any past relevant work as a construction worker. (AR 40.) The ALJ, however, also found that, considering Claimant's age, education, work experience and RFC, there are a significant number of jobs in the national economy that Plaintiff can perform, including packager, cleaner, assembler, inspector, order clerk and sorter. (AR 41.)

Consequently, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. (AR 41.)

## DISCUSSION

The ALJ decision must be affirmed. The ALJ properly discounted Plaintiff's credibility. The ALJ's findings that Plaintiff's peripheral neuropathy and carpal tunnel signs were not severe and did not meet any listings were supported by substantial evidence and free of harmful error. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

I.  **THE ALJ PROPERLY DISCOUNTED PLAINTIFF'S CREDIBILITY**

Plaintiff contends the ALJ improperly rejected Plaintiff's testimony regarding his subjective symptoms. The Court disagrees.

A.  **Relevant Federal law**

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be

5

expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 & n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because it is unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's symptom testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. These findings must be "sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit [the] claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins at 856-57; Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of his or her symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

**B.	Analysis**

In determining Plaintiff's RFC, the ALJ concluded that Plaintiff's medically determinable impairments reasonably could be expected to cause his alleged symptoms. (AR 37.) The ALJ, however, found that Plaintiff's statements regarding the intensity, persistence and limiting effects of these symptoms were not credible to the extent inconsistent with the ALJ's RFC. (AR 37.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's credibility. Smolen, 80 F.3d at 1283-84. The ALJ did so.

First, the ALJ found that the medical evidence does not support greater restrictions than those ascribed in the ALJ's RFC. (AR 37-40.) An ALJ is entitled to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005); Thomas, 278 F.3d at 959. Here, Plaintiff underwent a cardiac valve replacement in 2009 and reported weakness in the lower extremities, difficulty walking,

6

numbness in the feet and fatigue. (AR 37-38.) The medical evidence also indicates that Plaintiff has "severe peripheral polyneuropathy . . . and carpal tunnel syndrome of both hands." (AR 38.)

Nonetheless, the medical treatment records indicate no acute cardiopulmonary disease, normal range of motion in the upper extremities, Plaintiff is able to ambulate without assistive devices, and there is no evidence of deep vein thrombosis in the lower extremities. (AR 37-38.) A neurology consultation indicated that Plaintiff had no myalgias, no joint pain, no muscle cramps and no numbness or tingling. (AR 38.) More recent treatment records reveal that Plaintiff's heart condition is improving and his hypertension is controlled. (AR 38.) The Claimant walks with a mild, wide gait that is not otherwise abnormal. (AR 38.) At a June 25, 2010, examination, Plaintiff had no difficulty getting off and on the exam table, or untying his shoes, taking them off, and putting them back on. (AR 38.) The ALJ found that there were normal ranges of motion in the lumber and cervical region and all joints. (AR 38.) The ALJ noted mixed evidence of carpal tunnel syndrome. (AR 38.)

The record also revealed normal muscle bulk and tone in the bilateral upper and lower extremities. (AR 38.) The neurology consultant reported Plaintiff's strength in his bilateral deltoids, biceps, triceps, wrist extensors, wrist flexors, finger flexors, finger extensors, knee extensors, dorsi flexors, plantar flexors, and grip was 5/5 (normal). (AR 38, 282.) Plaintiff's strength in the bilateral hip flexors and right knee flexor was 4/5. (AR 38, 282.) Consulting examiner Dr. Fariba Vesali made similar examination findings to those above and assessed the medium work RFC adopted by the ALJ. (AR 362-65.)

Plaintiff disputes the ALJ's interpretation of the medical evidence, but the ALJ is responsible for resolving conflicts in the medical evidence. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). Where the ALJ's interpretation of the medical evidence is reasonable as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ's second reason for discounting Plaintiff's credibility is routine, conservative treatment (AR 40), which is a valid basis for doing so. Parra, 481 F.3d at 750-51. The ALJ

1 noted that, although Claimant sought emergency treatment after his aortic valve replacement, there were no subsequent complications. (AR 40.) Plaintiff does not rebut this finding directly but claims Plaintiff did not have Medi-Cal to pursue additional treatment. Plaintiff, however, does not specify any treatment he was unable to undertake and there are no medical opinions or records prescribing any treatment not undertaken. Again, the ALJ is responsible for resolving ambiguities in the record, Andrews, 53 F.3d at 1039, and the ALJ's finding of routine, conservative treatment is supported by substantial evidence.

The ALJ's next reason for discounting Mr. Flaherty's credibility is daily activities inconsistent with disabling symptoms. Bunnell, 947 F.3d at 345-46. The ALJ noted that Claimant can drive, sit and watch television, cook, do laundry and ride a bike sometimes. (AR 39.) Plaintiff's daily activities, even if they do not prove he could return to work, do suggest that the alleged severity of his limitations was exaggerated. See Valentine v. Astrue, 574 F.3d 685, 694 (9th Cir. 2009). Again, Plaintiff disagrees with the ALJ's interpretation of the evidence but here the ALJ's interpretation was reasonable and should not be second-guessed. Rollins, 261 F.3d at 857.

The ALJ properly discounted Plaintiff's credibility as to his allegedly disabling symptoms for clear and convincing reasons supported by substantial evidence.

**II. THE ALJ'S FINDING THAT PLAINTIFF'S NEUROPATHY AND CARPAL TUNNEL SIGNS WERE NOT SEVERE IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff contends that the ALJ erroneously failed to consider at step two of the sequential process whether Plaintiff's neuropathy and carpal tunnel syndrome are severe. The Court disagrees.

The step two inquiry is a de minimis screening device to dispose of groundless claims. Bowen, 482 U.S. at 153-54. An impairment or combination of impairments can be found non-severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to do basic work activities. Smolen, 80 F.3d at 1290; SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988); see also SSR 96-3p. Examples of basic work activities include, among others, "Physical functions such as walking, standing, sitting,

lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 404.1521(b). The burden is on the Claimant to demonstrate the existence of a severe impairment. Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).

Plaintiff relies primarily on a treatment note of Dr. Daniel Shin, who made the following observations:

> IMPRESSION
>
> 1. Severe peripheral polyneuropathy with evidence of retrograde degeneration of motor and sensory fibers, worse in the lower than the upper extremities.
>
> 2. Carpal tunnel syndrome of both hands, worse in the right than the left hand.

(AR 268.)

To begin, the ALJ did consider this evidence as he explicitly cited it (AR 38) before summarizing the evidence supporting the RFC he assessed. Dr. Shin's note, moreover, is an "impression," not a diagnosis. Even a diagnosis would be insufficient to establish that Claimant's impairment is severe because Dr. Shin did not provide a RFC assessment, nor did he address or ascribe work or functional limitations for Plaintiff's neuropathy or carpal tunnel syndrome. (AR 268.) Dr. Shin made no finding that these conditions impact basic activities. The Court doubts Dr. Shin was even using the word "severe" with the same meaning as in 20 C.F.R. § 404.1521(b) discussed above.

The ALJ gave great weight to the opinion of Dr. Vesali whose report indicates Claimant had no difficulties getting on and off the examination table, walks with a very mild, wide but not particularly abnormal gait, and does not use an assistive device for ambulation. (AR 363.) Dr. Vesali reported mixed findings on carpal tunnel. (AR 364.) He also found normal muscle strength. (AR 364.) He diagnosed Plaintiff with status post heart surgery and borderline balance impairment as severe impairments, not neuropathy and carpal tunnel syndrome. (AR 365.) Dr. Vesali's RFC assessment limited Plaintiff to walking, sitting and standing for 6 hours in an 8-hour day, and lifting/carrying 50 pounds occasionally and 25 pounds frequently, with no

1  manipulative limitations. (AR 365.) The ALJ was entitled to rely on Dr. Vesali's RFC which
2  does not find any severe neuropathy or carpal tunnel syndrome impairments. Nor may Plaintiff
3  rely on subjective symptoms to support a severe finding because the ALJ properly discounted
4  Plaintiff's credibility as to the severity of his symptoms.

5  Once again, the ALJ has the responsibility for interpreting the medical evidence and
6  resolving ambiguities in the record, Andrews, 53 F.3d at 1039, and where as here the
7  interpretation is reasonable it should not be second-guessed. Rollins, 261 F.3d at 857. The
8  ALJ did not err in finding that Plaintiff's neuropathy and carpal tunnel signs were not severe at
9  step two of the sequential process.

**III. THE ALJ'S FINDING THAT PLAINTIFF'S NEUROPATHY AND CARPAL TUNNEL SIGNS DO NOT MEET A LISTING IS SUPPORTED BY SUBSTANTIAL EVIDENCE**

Plaintiff's last argument is that the ALJ failed to consider whether his neuropathy and carpal tunnel syndrome met or equaled medical Listings 11.14 or 1.02b. The Court disagrees.

The ALJ made a finding that he "considered all of the medical Listings that are relevant to the Claimant's severe impairments, but the undersigned does not find (as fully discussed below) that the Claimant's impairments, either singly or in combination, meet or equal any of the Listing or combination of medical Listings." (AR 36) (emphasis added). Claimant asserts that the ALJ's finding is an insufficient boilerplate conclusion, Lewis v. Apfel, 236 F.3d 503, 512 (9th Cir. 2001), but the ALJ plainly referenced his discussion in the RFC section of his decision ("as fully discussed below") that Plaintiff's neuropathy and carpal tunnel syndrome were not severe, and that these conditions did not require any limitations beyond those assessed. (AR 37-40.) The ALJ also properly discounted Plaintiff's credibility. Dr. Shin's impression, if it can be called a diagnosis, moreover, does not establish that Claimant meets a Listing. Young v. Sullivan, 911 F.2d 180, 183-84 (9th Cir. 1990).

Plaintiff did not meet his burden to establish that his neuropathy and carpal tunnel syndrome are severe or meet a Listing. The evidence he cites is contradicted by other evidence accepted by the ALJ, in particular the report of Dr. Vesali. The ALJ did not err in finding that Plaintiff's neuropathy and carpal tunnel syndrome do not meet a Listing.

\* \* \*

The ALJ properly discounted Plaintiff's credibility. The ALJ's RFC is supported by substantial evidence. The ALJ's non-disability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: July 23, 2013
　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ John E. McDermott*
　　　　　　　　　　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE